# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LARRY L. TAYLOR,<br><br>    Plaintiff,<br><br>v.<br><br>DISCOVER CARD SERVICES, INC., and<br>TRANS UNION, LLC,<br><br>    Defendants. | Case No. CIV-15-126-RAW |

## ORDER & OPINION

Plaintiff filed this *pro se*[1] action on March 30, 2015. On April 6, 2015, Plaintiff filed an Amended Complaint. After Defendants, Discover Card Services, Inc. (hereinafter "Discover") and by Trans Union, LLC (hereinafter "Trans Union"), filed motions to dismiss, Plaintiff requested leave to amend again on July 8, 2015. Specifically, Plaintiff requested leave to amend "to remove all claims under the Fair Credit Report Act" and "to add additional facts to support his claim for intentional infliction of emotional distress." Leave was granted, and Plaintiff filed his Second Amended Complaint on August 26, 2015. Now before the court are the motions to dismiss by Discover [Docket No. 31] and by Trans Union [Docket No. 32].

---

[1] The court construes liberally the pleadings of all *pro se* litigants. Hall v. Bellmon, 93 F2d 1106, 1110 (10th Cir. 1991). In accordance with this rule, when "the court can reasonably read the pleadings to state a valid claim on which [a *pro se*] plaintiff could prevail, it [will] do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." Id. Nevertheless, *pro se* parties are subject to "the same rules of procedure that govern other litigants." Nielsen v. Price, 17 F.3d 1276, 1277 (10th Cir. 1994) (citations omitted). Moreover, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005).

**MOTION TO DISMISS STANDARD**

For purposes of the motions to dismiss, the court accepts as true all of the factual allegations in the Second Amended Complaint and construes those facts in the light most favorable to Plaintiff. See Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc., 521 F.3d 1278, 1284 (10th Cir. 2008). Of course, the court does not accept as true conclusory statements or legal conclusions. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

To survive the motions to dismiss, the Second Amended Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Plaintiff must nudge his "claims across the line from conceivable to plausible." Twombly, 550 U.S. at 570.

> [T]he Twombly / Iqbal standard is a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do. In other words, Rule 8(a)(2) still lives. Under Rule 8, specific facts are not necessary; the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests.

Burnett v. Mortgage Elec. Registration Sys., Inc., 706 F.3d 1231, 1235-36 (10th Cir. 2013) (quoting Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012)).

**SECOND AMENDED COMPLAINT**[2]

Plaintiff alleges that he was an authorized user on a Discover account owned by Carlton Willis. On or about May 30, 2014, Discover informed Plaintiff that it was suspending the account due to suspected fraud by Carlton Willis. Discover the reported the suspected fraud to Trans Union. Trans Union blocked access to Plaintiff's credit report. Additionally, Plaintiff's "authorized user/buyer credit history" on several accounts was deleted from his credit report. Discover investigated and found no fraud, but did not inform Trans Union. Plaintiff was then denied credit by Walmart and Old Navy.

In Count 1, Plaintiff alleges Discover is liable for defamation for reporting the suspected fraud to Trans Union and which resulted in intentional infliction of emotional distress. In Count 2, Plaintiff alleges Discover is liable for constructive fraud for failing to inform Trans Union after it investigated and determined there was no fraud. In Count 3, Plaintiff alleges Trans Union is liable for intentional infliction of emotional distress for blocking access to his credit report.

**DISCOVER'S MOTION**

Plaintiff has brought claims against Discover for defamation, fraud and intentional infliction of emotional distress.[3] Plaintiff's claims against Discover are preempted by the Fair Credit Reporting Act (hereinafter "FCRA"). 15 U.S.C. § 1681t(b)(1)(F). Section 1681t(b)(1)(F) preempts any state law claims "with respect to any subject matter regulated under—section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to

---

[2] The Second Amended Complaint is not entirely coherent, but the court includes here its understanding of Plaintiff's allegations.

[3] It is unclear whether Plaintiff intended to bring a claim against Discover for intentional infliction of emotional distress. Liberally construing the Second Amended Complaint, the court includes it.

consumer reporting agencies . . . ." 15 U.S.C. § 1681t(b)(1)(F). Section 1681s-2 covers the responsibilities of furnishers of information to consumer reporting agencies (hereinafter "CRAs"), including the duty to provide accurate information to CRAs and to report investigation results to CRAs. Plaintiff's claims and allegations against Discover all fall within the duties listed in section 1681s-2. Those claims, therefore, are preempted.[4]

**TRANS UNION'S MOTION**

Plaintiff has brought a claim against Trans Union for intentional infliction of emotional distress. In Oklahoma to state a claim for intentional infliction of emotional distress, a plaintiff must plead and ultimately prove four elements: (1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the plaintiff actually experienced emotional distress; and (4) the emotional distress was severe. Starr v. Pearle Vision, Inc., 54 F.3d 1548, 1558 (10th Cir. 1995). Taking all of Plaintiff's allegations as true, at the very least, he has failed to plead sufficient facts to meet the second and fourth elements. Placing a block on Plaintiff's credit file as a result of suspected fraud is not extreme or outrageous. While Plaintiff may have suffered some emotional distress from being denied credit by Walmart and Old Navy, it could not have been severe.

---

[4] As in Pinson v. Equifax Credit Info. Servs., Inc., No. 06-CV-162-GKF-SAJ, 2008 WL 906222 (N.D. Okla. Mar. 31, 2008), even under a limited interpretation of the statute as preempting only actions related to obligations under the FCRA, Plaintiff's claims are preempted. Additionally, the defamation claim is preempted by §1681h(e).

**CONCLUSION**

For the reasons set forth above, the motions to dismiss by Discover [Docket No. 31] and by Trans Union [Docket No. 32] are hereby GRANTED. Another amendment would be futile. Accordingly, this action is hereby dismissed.

**IT IS SO ORDERED** this 18th day of March, 2016.

_____
**THE HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA**